UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GREGORY B. LEE, JR.,

                              Petitioner,

                                                            Civ. Action No.
vs.                                                         5:09-CV-1421
                                                              (DNH/GHL)

UNITED STATES OF AMERICA,

                              Respondent.
_____

APPEARANCES:                                   OF COUNSEL:

GREGORY B. LEE, JR., 13817-052
Petitioner, *pro se*
Fort Dix Federal Correctional Institution
Inmate Mail/Parcels
East: P.O. Box 2000
Fort Dix, NJ 08640

OFFICE OF THE UNITED STATES ATTORNEY     THOMAS A. CAPEZZA, ESQ.
*Counsel for Respondent*                            Assistant United States Attorney
445 Broadway
218 James T. Foley U.S. Courthouse
Albany, NY 12207

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION AND ORDER

### I. INTRODUCTION

     Petitioner Gregory B. Lee, Jr., filed a *pro se* pleading styled as a motion for return of property pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure. *See* Dkt. No. 1. In his *pro se* motion, Petitioner alleges that he was arrested and detained by "Federal and Local authorities" in Utica, New York, on April 4, 2006. Dkt. No. 1 at 2; *see* 6:06-cr-00133-DNH-9. He claims that the "Authorities" subsequently seized $74,794.00 and personal property, including "clothes, jewelry, personal papers, pictures, and coins" from his mother's house located at 1306

1

Miller Street, Utica, New York ("1306 Miller Street"). *Id.* He also claims that "the Government never initiated [a] Civil Forfeiture [proceeding]." *Id.*

The United States ("Respondent") filed a response and supplemental response. Dkt. Nos. 9, 12. Respondent argues, *inter alia*, that the motion should be denied because Respondent is not in possession of the alleged subject funds and alleged personal property. *Id.* Plaintiff filed no reply to Respondent's submissions despite being provided time in which to do so. *See* 07/27/10 Text Order. Based on the following, the motion should be denied.

## II. DISCUSSION

### A. Alleged Subject Funds

Plaintiff claims that the "Authorities" seized $74,794.00 from 1306 Miller Street. Dkt. No. 1. Respondent argues that "the subject funds are not in possession of the federal government." Dkt. No. 9 at 2. For support, Respondent cites to an affidavit signed by Anthony R. Fitzgerald, a Special Agent with the Federal Bureau of Investigation ("FBI"). *See id.* Special Agent Fitzgerald states that he is currently assigned to the FBI office located in Utica, New York. *Id.* at ¶ 1. He asserts that during the fall of 2005, the "FBI at Utica, New York," and the Oneida County Enforcement Task Force began investigating certain drug trafficking activities in Utica. *Id.* at ¶ 3. He states that on April 4, 2006, a New York State search warrant was executed at 1306 Miller Street, by members of the Oneida County Drug Enforcement Task Force. *Id.* at ¶ 3. He also states that during the search, Investigator David Cady, a member of the Oneida County Drug Enforcement Task Force, seized $75,864.00. *Id.* at ¶ 4. He further states that the subject funds were stored as evidence at the Oneida County District Attorney's Office, but later were deposited into the Oneida County District Attorney's Office's trust account at a Utica bank. *Id.* at

2

¶ 5. Dkt. No. 9-2.

Respondent also provided an affidavit from Investigator Cady. Dkt. No. 12-1. In the affidavit, Investigator Cady stated the following: in April of 2006, he participated in the execution of a New York State search warrant at 1306 Miller Street. *Id.* During the execution, he seized $940.00 in rolled coins and $74,924.00 in United States currency, transported the funds to Oneida County Drug Enforcement Task Force headquarters, and secured the evidence in the locked and secured evidence room. *Id.* He is the "assigned Evidence Custodian." *Id.* On May 8, 2006, he transferred the currency to the Oneida County District Attorney's Office. *Id.* The coins have remained in an evidence facility in the custody of the Oneida County Drug Enforcement Task Force. *Id.*

Respondent also submitted an affidavit from Grant Garramone, an Assistant District Attorney ("ADA") and the Bureau Chief of the Narcotics and Firearms Bureau for the Office of the Oneida County District Attorney. Dkt. No. 12-2 at 1. ADA Garramone is also a Special Assistant United States Attorney "duly appointed to handle joint state and federal narcotics and firearms prosecutions" in this District. *Id.* ADA Garramone states that on April 4, 2006, the Oneida County Drug Enforcement Task Force seized $74,924.00 from 1306 Miler Street and delivered the money to the Oneida County District Attorney's Office evidence safe. Dkt. No. 12-2 at ¶¶ 4(a), (b). An evidence tag attached to this affidavit indicates that the counting of the money was "witnessed by" Investigator Cady. Dkt. No. 12-2, Ex. 1. ADA Garramone also states that the $74,924.00 was ultimately deposited into a bank account at Adirondack Bank in Utica, New York. *Id.* at ¶ 4(b). A bank deposit slip and an electronic bank receipt both dated July 23, 2009, documenting the deposit of $74,924.00 into the Oneida County District Attorney's

checking account, were attached to the affidavit.  Dkt. No. 12-2, Ex. 2.

### B.     Alleged Personal Property

Plaintiff claims that the "Authorities" seized various items of personal property from 1306 Miller Street.  Dkt. No.1.  Respondent asserts that "the subject personal property [is] not in the custody of the federal government."  Dkt. No. 12 at 2.  For support, Respondent submitted a second affidavit from Special Agent Fitzgerald.  Dkt. 12-3.  He asserts that the personal property seized from 1306 Miller Street was stored at the Oneida County Sheriff's Department.  *Id.*  Special Agent Fitzgerald also states that he personally reviewed a copy of the case evidence report, Dkt. No. 12-3, Ex. 1[1], prepared by the Oneida County Sheriff's Department Forensic Identification Unit.  *Id.*  He notes that the following items were seized at 1306 Miller Street, on April 4, 2006: three photographs, envelopes, ziplock baggies, rubber bands, one damaged Brinks fire safe, a sealed bag containing ziplock baggies, one damaged Brinks security safe, and unused ziplock baggies.  *Id*.  He states that these items were maintained at the Oneida County Sheriff's Department after they were submitted for storage there.  Dkt. No. 12-3 at ¶ 5.

### C.     Analysis and Conclusion

The Government cannot be ordered to return property that was never in its possession. *See DeSivo v. U.S.*, No. 3:05-CV-1432, 2006 WL 2620387, at *2 (N.D.N.Y. Sept. 12, 2006) (McAvoy, J.); *White v. U.S.*, No. 09-CV-5485, 2010 WL 2301104 (E.D.N.Y. June 04, 2010). "[I]t does not matter whether Petitioner is right and the government took his property . . . or whether the United States is right and [Petitioner's] property was never seized.  [Petitioner] has not and cannot dispute the government's factual assertion that it does not currently possess

---

[1] The case evidence report is attached to this affidavit.  Dkt. No. 12-3, Ex. 1.

[Petitioner's] property." *White*, 2010 WL 2301104, at *2.

Here, Respondent argues, and shows, that Respondent is not in possession of the alleged funds and alleged personal property.  Petitioner has not disputed this assertion.  Thus, I recommend that the motion be denied and that the Clerk of the Court close the file in this matter.

Accordingly, it is hereby

**RECOMMENDED**, that Petitioner's motion for return of property be **DENIED**, and it is further

**RECOMMENDED**, that the Clerk of the Court close the file in this matter, and it is further

**ORDERED**, that the Clerk of the Court serve a copy of this Order upon the parties.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a), 6(e).

Dated: August 13, 2010
       Syracuse, New York

                                             George H. Lowe
                                             United States Magistrate Judge